IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCHNEE-MOREHEAD, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1809-M |
| | § | |
| PARR TECHNOLOGIES, LLC, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Schnee-Morehead, Inc. has filed a motion for leave to conduct discovery prior to a Rule 26(f) conference and asks the court to consider the motion before defendants enter an appearance in the case.[1] An adverse party is presumptively entitled to notice and an opportunity to be heard before the court rules on any pretrial matter, including a motion for leave to conduct discovery. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (citing cases). While a court has authority to consider a motion *ex parte*, such relief is appropriate only if the movant will suffer irreparable harm if notice is given to the adverse party. *Id.* Here, plaintiff alleges that defendants have used, and are continuing to use, its trade secrets, which "threaten to cause immediate and irreparable harm[.]" (*See* Plf. Mot. at 2). To support this assertion, plaintiff relies only on the unsworn allegations of its complaint. Without competent evidence to support plaintiff's allegations of irreparable harm, the court declines to deviate from usual motion procedures.

---

[1] Plaintiff has also filed a motion for an order preventing the destruction of evidence. That motion has not been referred to the magistrate judge.

For these reasons, plaintiff's motion for expedited consideration of its motion for leave to conduct discovery [Doc. #5] is denied and plaintiff's motion for leave to conduct discovery prior to a Rule 26(f) conference [Doc. #3] is denied without prejudice. Plaintiff may reurge its motion for leave to conduct discovery, if necessary, after defendants enter an appearance and the attorneys confer on the subject matter of this dispute. *See* N.D. Tex. LCivR 7.1(a).

SO ORDERED.

DATED: October 31, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE